```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

JORGE CORTEZ                      §
                                  §
VS.                               §   CIVIL ACTION NO.4:11-CV-888-Y
                                  §
REBECCA TAMEZ, Warden,            §
FCI-Fort Worth, et al.            §
```

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§
      1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Jorge Cortez's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Cortez initially filed a complaint seeking relief naming only "unknown correctional officers." The Court then ordered Cortez to complete and file a form complaint and informed him that it would be reviewed as an amended complaint. Cortez filed an amended complaint with attachments on May 25, 2012. Once the Court considered Cortez's amended complaint, it then ordered him to file a more definite statement of his claims, which he did by filing a more definite statement (entitled "Amended Statement of Facts"). In the amended complaint, Cortez has named Rebecca Tamez, warden; Sandra Butler, associate warden; Lieutenant Coleman; Lieutenant Odom; Lieutenant Christie; and Officer R. Hall. (Amend Compl. § IV.)

Cortez acknowledges that he was charged with insolence to staff and damaging government property after it was discovered that inscribed on the back of his chair were the words "f**K the feds," "D-Town" and "Grand Prairie." (Amend Compl. § V.) After an incident

report was generated, Cortez alleges that he was then handcuffed and escorted by defendant Officer Hall to a pod/cage which housed "rival gang members." Even though Cortez told Hall he did not want to be placed in the cage, Cortez contends Hall said "man up and stop acting like a bitch," and then placed him in the cage. Cortez alleges he was still in handcuffs and unable to defend himself from the immediate attack by two of the gang members. Cortez writes:

> After what seemed like an eternity, defendant Hall ordered the two gang members to stop the onslaught. They ignored him. Dela Cruz and Kratz had gathered to witness the forray [sic]. Upon seeing that the gang members were trying to kill me, they hit the duces. A short time later, a response team arrived and restrained the two gang members. I was then taken from the cage and rushed to medical, still in handcuffs. (Amend Compl. § V, attachment page.)

In the more definite statement, Cortez alleges that he sustained several physical injuries from the attack, including temporary blindness in his right eye, back pain, shoulder pain, headaches, extreme swelling of his head and face, and lacerations and incessant bleeding from his mouth. (MDS at 4.)

Cortez alleges after this attack that Warden Tamez failed to respond adequately to his grievances and that the named lieutenant defendants took action in retaliation against him for failing to withdraw his pursuit of administrative grievances.(Amend Complaint; More Definite Statement ("MDS") at 1-2.) Cortez seeks compensatory damages in the sum of $2,000,000.00 and he seeks punitive damages in the amount of $500,000.00. (MDS at 4.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the amended complaint and more definite statement under these standards, the Court concludes that some of Cortez's claims must be dismissed.

Because plaintiff Cortez has sued officials with a federal

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.,* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

prison, the court has construed his claims listed under 42 U.S.C. § 1983 as asserting rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.[6] *Bivens* provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement.[7] Although Cortez listed Sandra Butler as a defendant in this case, he has provided no specifics of any action taken by her in response to the Court's specific questions. Thus, all claims against Butler must be dismissed.

Cortez has also named Warden Rebecca Tamez. He first alleges that Tamez inadequately responded to his request for administrative remedies, by "failing to address the actions perpetrated by staff members" and cavalierly responding "that the matter was referred to the appropriate authorities." (MDS at 1.) But allegations of inadequate processing of a grievance do not support a constitutional violation. As the Court of Appeals for the Fifth Circuit found in *Geiger v. Jowers:* "[ An inmate] does not have a federally protected liberty interest in having these grievances resolved to his

---

[6] 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

[7] *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999)(citations omitted).

satisfaction. As this claim relies on a legally nonexistent interest, any alleged due-process violation arising from the alleged failure to investigate his grievances is indisputably meritless."[8] Thus, Cortez's claim against defendant Tamez related to the processing of his grievances must be dismissed.

Cortez also alleges that after his administrative complaint to Tamez, he was called to Lieutenant Coleman's office, where Coleman threatened to transfer him to another institution. (MDS at 1-2.) Cortez alleges this was done in a conspiracy with others. Cortez goes on to allege that Lieutenant Coleman bombarded him with expletives, and then made it clear to Cortez that if he persisted in pursuit of the administrative remedy process, "he would personally make sure that [Cortez] was transferred to the east coast: a threat that ultimately materialized." (MDS at 2.) Cortez also alleges that Lieutenants Odom and Christie also summoned him to their office at 5:30 a.m. one morning, "to explain the consequences [Cortez] would face if he persisted with his complaints." (MDS at 2.) Cortez alleges these defendants warned him that he "would have a "big X" on his back if he did not drop the complaint and offered to stop a transfer that was anticipated

---

[8]*Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005); *see also Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D.Tex. March 15, 2002)("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation.")(citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994), *cert. den'd,* 514 U.S. 1022 (1995) and *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir.1996)).

because of his complaints. When Cortez told them he would "rather exercise his rights . . . they ordered [Cortez] out of their office and stated, 'OK smart ass, we are going to make sure that you get what [you] got coming.'" (MDS at 3.)

The Court notes that with regard to all three of the lieutenants, any claim against them based solely upon their use of language does not state a constitutional violation. The United States Court of Appeals for the Fifth Circuit has determined that verbal abuse alone does not make out a constitutional violation.[9] Thus, any claims of that nature will be dismissed.

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[10] Although long recognized as applying to claims under the Eighth Amendment,[11] the United States Court of Appeals for the Fifth Circuit determined that § 1997e(e) applies to claims under the First Amendment as well, noting "it is

---

[9] *See Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993)(allegations of verbal abuse and threatening language and gestures by correctional officer do not rise to the level of a constitutional violation)).

[10] 42 U.S.C.A. § 1997e(e)(West 2003).

[11] *See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999).

6

the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[12] Applying these holdings to the instant case, no matter the substantive constitutional violations asserted by Cortez, a failure to allege physical injury bars his claims for compensatory damages for the constitutional claims.[13]

In his amended complaint, Cortez sought to have the "responsible officers relieved of their duty as B.O.P. officials and compensation for pain, suffering, and damages in the amount of $5 million." (Amend. Compl. § VI.) In his more definite statement he asks for "$2,000,000.00 individually or severally, and he asks for $500,000.00 in punitive damages." (MDS at 4.) Cortez has certainly alleged that he sustained physical injuries as a result of the actions of defendant Officer Hall in placing him in the pod and leaving him there while he was attacked. With regard to Warden Tamez and Lieutenants Coleman, Odom and Christie, however, Cortez has not alleged any physical injury sufficient to support any claim for compensatory damages against any of them. He alleges only that

---

[12] *Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005)(citations omitted).

[13] Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins v. McDaniels,* 512 F.3d 193, 198 (5th Cir. 2007) or for injunctive or declaratory relief (*Harper,* 174 F.3d at 719).

7

he sustained anxiety and mental anguish as a result of the retaliatory actions. Thus, Cortez's right to recovery of compensatory damages for mental harm from Tamez, Coleman, Odom and Christie is barred under 42 U.S.C. § 1997e(e), and such claims must be dismissed.

The allegation by Cortez against the three lieutenants for allegedly threatening to transfer him in retaliation for the exercise of his right to file administrative grievances (and ultimately a complaint) states a plausible claim of retaliation. Cortez also alleges that the retaliation was brought to the attention of defendant Tamez, and "she has done nothing about it," and thus he also states a plausible claim of retaliation against her. (MDS at 1.) Cortez has also stated a plausible claim against defendant Hall (Amend. Compl. § V; MDS at 4.) The Court will allow Cortez to serve these claims on the defendants by a separate order issued this same day.

*Order*

Therefore, the following defendants and claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii): all claims against Sandra Butler; all claims against Warden Rebecca Tamez for failing to adequately respond to plaintiff Cortez's grievances; all claims against Lieutenants Coleman, Odom, and Christie for verbal abuse of Cortez; and any claims for compensatory damages against Rebecca Tamez,

Lieutenant Coleman, Lieutenant Odom, and Lieutenant Christie.

SIGNED December 12, 2012.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE